# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH SEARS | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-11-1750 |
| MARYLAND PAROLE COMMISSION and WARDEN | * | |
| | * | |
| Respondents | | |

***

## MEMORANDUM

The above-captioned petition for writ of habeas corpus, filed on June 24, 2011, seeks review of a decision dismissing petitioner's appeal of the Maryland Parole Commission's decision revoking his parole. ECF No. 1. For the reasons that follow, the petition must be dismissed without prejudice.

Petitioner asserts that on November 5, 2010, the Maryland Parole Commission revoked all of his earned diminution of confinement credits. ECF No. 1. He filed a petition for judicial review on November 22, 2010, in the Circuit Court for Anne Arundel County. Although the Commission filed a response to the petition on January 31, 2011, it did not file a record of the administrative proceedings as required by Md. Rule 7-206. Because the record was not filed in the case, petitioner filed a motion to dismiss the Commission's decision rescinding his diminution of confinement credits. The motion was denied by the state court which explained that reversal or dismissal of the Commission's previous decision was outside of the purview of a petition for judicial review. Petitioner asserts the state court's denial of his motion to dismiss was error, seeks this court's review of the decision, and requests an order reversing the Commission's decision rescinding his diminution of confinement credits.

To the extent a federal claim is presented by the instant petition, it involves questions of State law only and is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The petition for judicial review of the Commission's decision to rescind petitioner's credits is still pending before the state court. *See* ECF No. 1 at p. 11. It is therefore clear the claim has not been exhausted. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a

2

valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). A separate order will be entered dismissing this case without prejudice and denying a certificate of appealability.

7/7/11
Date

James K. Bredar
United States District Judge

3